## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MAXIM MIORA, Individually and
on behalf of all others similarly situated,

      Plaintiff,

                             Case No:
                             Collective Action

  v.

PLANSOURCE FINANCIAL
SERVICES, INC.
      Defendant.
_____.

## FLSA COLLECTIVE ACTION COMPLAINT

Plaintiff MAXIM MIORA, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, sues Defendant, PLANSOURCE FINANCIAL SERVICES, INC. (hereinafter "PlanSource" or "Defendant") for violations of 29 U.S.C. 201 *et seq.* of the Fair Labor Standards Act (the "FLSA"), and states as follows:

## INTRODUCTION

1.    Defendant has willfully FAILED to pay overtime wages to its Technical Support Employees (TSE) working under various job titles such as: Technical Support Manager (TSM) or Technical Support Consultant (TSC), Benefits Analyst, Benefits Business Analyst, Business Analyst, Customer Support Analyst.

2.      All members of the putative class were at all times within the preceding 3 years of the filing of this complaint to the present day classified and treated by Defendant as salaried exempt employees under the FLSA, regardless and without any individual analysis.

3.      Defendant operates its U.S. business from just 3 offices:  1) Orlando, Florida, 2) St. Lake City, Utah, and 3) Charleston, South Carolina, with TSE working remotely and reporting to 1 or the other offices and from where it employed similarly situated TSE, all working on similar compensation plans, performing similar if not identical job responsibilities, and all suffering from the same, common unlawful pay practices pursuant to a de facto policy and scheme to avoid overtime wages and save millions of dollars in labor costs.

4.      Upon information and belief, Defendant has since employed other TSE working remotely in other geographic regions or from other offices.

5.      Defendant has created and maintained a scheme to avoid paying overtime wages to all its TSE nationally, and thus keeping for itself, millions of dollars of wages owed to 300 or more employees by misrepresenting to its employees that they were non-exempt under the FLSA.

6.      Plaintiff herein commences this legal action against Defendant for willful violations of the federal wage and hour overtime pay laws and related

regulations on behalf of all similarly situated current and former TSE of Defendant who worked anytime in the preceding three (3) years to the present.

7.     Plaintiff and the class of similarly situated employees were unlawfully not compensated a premium for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other TSE.

8.     Defendant did not track and record the work hours of its TSE.

9.     Defendant has willfully failed to pay Plaintiff, and all similarly situated persons in accordance with the Fair Labor Standards Act (FLSA).  Specifically, Plaintiff, and similarly situated employees were not paid premiums for all hours they worked in excess of forty (40) hours per week.

10.    Plaintiff, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices were not only clearly unlawful, but UNFAIR as well.

11.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## **JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 since this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

13.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

14.     This Court has general jurisdiction over Defendant for the claims of all those similarly situated from across the U.S. and for non-resident opt in plaintiffs since the Defendant's principal office is here within this district.

15.     Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the damages occurred within this district related to the work Plaintiff performed for Defendant.

## THE PARTIES

16.     Plaintiff Maxim Miora is a citizen of Florida.

17.     Plaintiff worked for Defendant as a Technical Support Consultant (TSC) from the spring of 2018 to May 9, 2022.

18.     Plaintiff worked for Defendant as a Technical Support Manager (TSM) from May 9, 2022, to January 23, 2023.

19.     From the beginning of Plaintiff's until the onset of Covid, or about March 2020, Plaintiff worked for Defendant at Defendant's office located at 101 S. Garland Ave., Orlando, FL.

20.    From about March 2020 until the end of his employment with Defendant, Plaintiff worked remotely from his home in Florida.

21.    Defendant has changed the job title of a Technical Support Consultant (TSC) over the years and previous titles for the same job include but are not limited to: Benefits Analyst, Benefits Business Analyst, Business Analyst, Customer Support Analyst.

22.    Plaintiff's primary job duty as a TSC was to provide customer service and technical support for Defendant's clients and to respond to client requests including but not limited to requests concerning the benefits of the client's employees and questions about how to use the Defendant's computer platform.

23.    Plaintiff's primary job duty as a Technical Support Manager (TSM) was to provide customer service and technical support for Defendant's clients and to respond to client requests including but not limited to requests concerning the benefits of the client's employees and questions about how to use the Defendant's computer platform.

24.    The main difference between the two jobs is that as a TSM, Plaintiff was the main point of contact for the assigned Client and as a TSC, Plaintiff was the secondary point of contact for the assigned Client.  Additionally, a TSM was eligible to earn a small annual bonus while a TSC was not.

25.    The jobs of TSM and TSC are collectively referred to as Technical Support Employees or TSE.

26.    All TSE over the relevant FLSA 3-year statute of limitations period preceding the filing of this complaint were classified as salaried and exempt employees under the FLSA and not paid a premium for overtime hours, and who did not report or clock in and out their work hours.

27.    At all times material, Plaintiff and those similarly situated were employees of Defendant during the term of his employment as contemplated by 29 U.S.C. § 203.

28.    Plaintiff was paid a base salary and eligible for and did receive non-discretionary sales commissions or bonus as did all other TSE.

**DEFENDANT PLANSOURCE FINANCIAL SERVICES, INC**

29.    Defendant, PLANSOURCE FINANCIAL SERVICES, INC. is a Florida Corporation, with a principal place of business, called its "world headquarters" located at 101 S. GARLAND AVE, SUITE 203, ORLANDO, FL 32801.  Defendant may be served through its Registered Agent for service of process, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

30.    As stated by Defendant on its website[1], "PlanSource is a technology company that automates and simplifies every aspect of employee benefit programs, so employees and HR teams can make smarter, more confident benefits decisions."

31.    Defendant is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods, is involved in interstate commerce and has employed 500 or more employees at any given time during the preceding 3 years to the present day.

32.    The overtime wage provisions set forth in FLSA §207 apply to Defendant, as it engages in interstate commerce.  Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203.

33.    Thus, Defendant had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance and the failure to do so subjects it to the payment of liquidated damages and a three (3) year statute of limitations for FLSA violations.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

34.    This collective action arises from a longstanding and continuing wrongful scheme by Defendant to willfully refuse to pay overtime wages to a large

---

[1]
https://plansource.com/company/#:~:text=PlanSource%20is%20a%20technology%20company,people%20get%20out%20of%20them. (accessed Mar. 23, 2023)

class of employees, persons working as Technical Support Employees (TSE) under various job titles described herein, who Defendant knows or should have known, were misclassified and should have been paid overtime premiums throughout the preceding 3 years.

35.    Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members in either a single class of similarly situated or 2 classes of similarly situated.

**If a Single Class, ALL Technical Support Employees:**

> **All persons working as Technical Support Employees under the titles of: Technical Support Manager (TSM), Technical Support Consultant (TSC), Benefits Analyst, Benefits Business Analyst, Business Analyst, Customer Support Analyst or other persons performing similar job duties under various other job titles, who are currently or were previously employed within the preceding 3 years with PLANSOURCE FINANCIAL SERVICES, INC. Located anywhere in the U.S.**

**If Two Classes or separate groups: (Plaintiff may proceed with seeking conditional certification of 2 separate classes or groups of similarly situated (CLASS A and CLASS B) as follows:**

**CLASS A: ALL Technical Support Managers:**

> **All person working under the title of Technical Support Manager (TSM), or other persons performing similar, non-exempt job duties under various other job titles, who are currently or were previously employed anywhere in the U.S. with PLANSOURCE FINANCIAL SERVICES, INC. within the past three years preceding the filing of this lawsuit to the present.**

**CLASS B: ALL Technical Support Consultants:**

**All persons working under the title of: Technical Support Consultant (TSC), Benefits Analyst, Benefits Business Analyst, Business Analyst, Customer Support Analyst,, or other persons performing similar job duties under various other job titles, who are currently or were previously employed anywhere in the U.S. with PLANSOURCE FINANCIAL SERVICES, INC. within the past three years preceding the filing of this lawsuit to the present.**

36.     Plaintiff is able to protect and represent the Collective or putative class or classes, and is willing, able, and consents to doing so.

37.     Plaintiff has routinely worked more than forty (40) hours in workweeks throughout the term of his employment with Defendant and without being paid a premium for all these overtime hours.

38.     Upon information and belief, at any given time, Defendant employed approximately 100 TSE, such that with turnover, the class of TSE is 300 or more.

39.     Defendant did not provide a means for TSE to report, record, or clock their work hours nor meal breaks. Instead, TSE were encouraged to work as many hours as necessary to maintain a positive relationship with Defendant's clients.

40.     Plaintiff alleges for himself and on behalf of the putative class or classes who elect to opt-in to this action, that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the FLSA, plus an equal sum in liquidated damages.

41.     Upon information and belief, all TSE were all paid under a common pay or compensation plan of a base salary plus the opportunity for TSM to earn a small annual bonus.

42.     All TSE working under the various job titles also performed their job duties in a uniform, similar manner; and all are supervised and managed according to the same national standards and uniform policies and procedures set by the Defendant and applicable to all offices and to all TSE working remotely.

43.     All TSE within this putative class or classes were treated and classified by Defendant as exempt employees, and whose primary duty is customer service.

44.     TSE were purposefully misled by Defendant to believe they were lawfully classified as exempt from overtime pay but never justified or explained the basis or why.

45.     The Defendant maintained a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for TSE despite clear knowledge TSE have worked and continue to work overtime hours which are unreported.

46.     Open Enrollment Period runs from late August/September to late January/February and is when Defendant's clients' employees are registering for employee benefits.

47.    During the Open Enrollment Period, Plaintiff and TSE are required to work well over 50-60 hours per week.

48.    Defendant knew that TSE were routinely working more than 40 hours per week as Defendant encouraged TSE to respond to client requests as necessary, as the Open Enrollment Period necessitates TSE working over 50-60 hours per week, and as TSE would regularly make time stamped entries in Salesforce, send out emails, and make phone calls outside standard business hours.

49.    The actual job duties performed by the proposed putative class or classes of TSE do not satisfy the elements of any exemptions within FLSA §213, as all perform routine jobs whose primary job duty was production, providing customer support to Defendant's clients.

50.    Plaintiff, as well as the members of the putative class of similarly situated persons routinely worked through part or all of their lunch breaks, worked prior to or after the set and standardized nine (9) hour daily shift times, and also performed other work incidental to their job duties by making or receiving client phone calls, sending or receiving and reading emails without being paid for all these additional work hours.

51.    Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

52.     Pursuant to FLSA §207, Defendant, as the employer of Plaintiff and other similarly situated TSE, was and is required to pay premium pay, meaning overtime wages, or hours worked in excess of forty (40) hours per week.

53.     Defendant was fully aware that TSE were working more than 8 hours in a day and more than 40 hours in a week in attempts to maintain positive relationships with Defendant's clients.

54.     Defendant does not presently and has not throughout the relevant three (3) year class period, properly clocked, tracked or recorded the actual working hours of each TSE.

55.     All TSE followed corporate policies and procedures applicable to all their offices and to all remotely employed TSE wherever TSE worked from throughout the U.S.

56.     All TSE were trained to perform their job duties and expected to perform their job duties in similar manners throughout the U.S.

### COUNT I
### VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION
### PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

57.     Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

58.     Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay all TSE, under the various job titles identified in this Complaint, required overtime premiums for all hours worked over 40 in each and every workweek.

59.     Plaintiff, and all other persons working as TSE under the titles of Technical Support Manager (TSM) or Technical Support Consultant (TSC), Benefits Analyst, Benefits Business Analyst, Business Analyst, Customer Support Analyst, routinely worked more than 40 hours during their workweeks, and without being paid a premium for the overtime hours incurred.

60.     Defendant knew that Plaintiff and TSE routinely worked more than 40 hours, but willfully misclassified them as a group as exempt from overtime pay.

61.     Defendant failed to institute any actual time tracking system or time clock for TES, such that all Plaintiffs in this action can meet their burden here by estimating their work hours as per the U.S. Supreme Court decision, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

62.     Defendant's conduct and actions classifying all TSE as exempt from overtime pay under the FLSA was a willful violation of Section 207 of the FLSA, and further lacks any good faith basis under the FLSA as TSE are generally considered to be non-exempt by DOL regulations and from court decisions on the FLSA.

63.     Defendant knew that TSE did not meet the definition of any exemption under the FLSA and are part of "production" who cannot be exempt employees under the FLSA.

64.     Alternatively, Defendant knew or should have known that the TSE, including the TSE with titles of "managers" did not supervise 2 or more full time employees such that the position fails the executive exemption.

65.     Further, the primary job duty of the TSE positions is to provide customer service and support, or to provide benefits support, but does not involve the exercise of independent discretion and judgment in matters of significance.

66.     Plaintiff's job duties are routine and standardized.

67.     Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative Class or classes, comprised of all current and former similarly situated TSE a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

68.     Defendant has classified all TSE as exempt from overtime pay without any individualized job analysis such that they are all subjected to the same or common unlawful pay practice, and that they are all similarly situated for the purposes of pursuing their claims collectively as per Section 216(b) of the FLSA.

69.     Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one- and one-half times their respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

70.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and the putative class or classes, have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

71.     Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

72.     As per the FLSA, Defendant has the burden to prove Plaintiff and all others similarly situated were not entitled to overtime pay during the preceding 3 years because of some exemption and Plaintiff and all others who elect to opt into this action and assert their rights under the FLSA are not required to prove they are legally entitled to these wages.

73.     Further, since Defendant did not track and record the work hours of the TSE, the burden shifts to Defendant to prove the precise hours worked by the Plaintiff and the proposed class or classes or the court or jury can award wages based upon the estimates by the Plaintiff and the proposed class or classes.

74.    As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the putative class or classes of all other similarly situated TSE have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

### COUNT II
### FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED IN VIOLATIONS OF THE FLSA

75.    Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

76.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the class or classes, as well as the applicable compensation rates, is in the possession of Defendant.

77.    However, and to the extent records are unavailable, Plaintiff, and members of the class or classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

78.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

79.    With respect to an employee subject to the FLSA provisions, the following records must be kept:

a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

b.    Hour and day when work week begins;

c.    Regular hourly pay rate for any week when overtime is worked;

d.    Total hours worked each workday and each workweek;

e.    Total daily or weekly straight-time earnings;

f.    Total overtime pay for the workweek;

g.    Deductions from or additions to wages;

h.    Total wages paid each pay period; and

i.    Date of payment and pay period covered

80.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See* 29 U.S.C. § 215(a)(5); *See also Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

81.    Accurate records are not only required for regulatory purposes, but they are also critical to an employer's defense of claims that it violated the Act. An

employer that fails to maintain the required records cannot avoid liability in a wage-hour case through the argument that there is insufficient evidence of the claimed hours worked. *See, Wirtz v. First State Abstract Ins. Co.,* 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

82.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

83.    Defendant has failed to accurately and contemporaneously record, track and report the Plaintiff and class or classes of similarly situated individuals' time and work hours as required under the FLSA and the related DOL regulations.

84.    Defendant has failed to make, keep, and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2, 29 U.S.C. §§ 211, 216.

**WHEREFORE,** Plaintiff Maxim Miora, individually, and on behalf of all other similarly situated past and present Technical Support Employee (TSE), seeks the following relief:

a. Designate Plaintiff Maxim Miora as Representative of the FLSA Collective Class or Classes;

b. That the Court find and declare Defendant has willfully violated the overtime compensation provisions of the FLSA;

c. That the Court find and declare Defendant's violations of the FLSA overtime laws were and are willful and lacking a good faith basis for complying with the state and federal overtime laws;

d. That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payments of overtime compensation owed to members of the FLSA Class or Classes;

e. That the Court award to Plaintiff Miora and the FLSA Class or Classes, comprised of all similarly situated employees, overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value of all compensation earned for bonuses/commission, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

f.  That the Court award Plaintiff Miora and the plaintiffs who opt into this action, recovery of their reasonable attorneys' fees, costs, and expenses of litigation pursuant to FLSA § 216;

g.  That the Court finds Defendant willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

h.  That the Court apply a three (3) year statute of limitations to the FLSA claims; and

i.  That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted March 24, 2023.


*/s/Mitchell L. Feldman*
**Mitchell L. Feldman, Esq**
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave #101
Tampa, FL 33625
Tele: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com

*Attorney for Plaintiff and the class(es) of similarly situated*