**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAXIM MIORA, Individually and
on behalf of all others similarly situated,

    Plaintiff,

                                                          Case No: 6:23-cv-548-WWB-RMN
                                                          Collective Action

v.

PLANSOURCE FINANCIAL
SERVICES, INC.
    Defendant.
_____.

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS THIS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff MAXIM MIORA ("Plaintiff") and Defendant PLANSOURCE FINANCIAL SERVICES, INC. ("Defendant"), hereinafter collectively referred to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss this Action with Prejudice and Incorporated Memorandum of Law, and state the following:

1.    Plaintiff filed the instant collective action alleging unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") (DE 1). No opt in Plaintiff has joined this case.

2.    Defendant opposed these claims, raising disputes regarding the following issues: 1) the wages alleged to be owed to Plaintiff; 2) the number of hours

worked by Plaintiff; 3) whether Plaintiff had already been paid for all hours worked; 4) Plaintiff's allegation that Defendant willfully violated the FLSA; and 5) the FLSA exemption status of Plaintiff.

3. Through their counsel, the Parties engaged in good faith settlement discussions and were able to reach a settlement of the claims at issue. DE 23.

4. Based on these discussions and the analysis and exchange of information regarding Plaintiff's job duties and time and days worked for Defendant, the Parties stipulate and represent that there is a bona fide dispute between the Parties regarding the merits of Plaintiff's case and the back wages and other damages and relief claimed therein.

5. Based on the facts and arguments discussed and presented between the Parties, Plaintiff and Defendant have agreed to resolve this case in its entirety on terms which they stipulate and agree are fair, reasonable, and adequate.

6. The Parties have agreed to a settlement of Plaintiff's claimed overtime wages. A copy of the Settlement Agreement is attached as <u>Exhibit A</u>.

7. Defendant has agreed to pay the Plaintiff, as per the Settlement Agreement, the following amounts:

   a. $3,100.00, made payable to Maxim Miora, as and for back pay compensation allegedly due to Maxim Miora pursuant to the FLSA; this amount shall be subject to standard deductions or withholdings and for which an IRS Form W-2 shall be issued to Maxim Miora;

  b. $3,100.00, made payable to Maxim Miora, as and for liquidated damages allegedly due Maxim Miora pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall be issued to Maxim Miora; and

  8. This represents a combined payment for settlement of all amounts alleged by Plaintiff to be owed, to include all alleged overtime wages and liquidated damages, and is an amount which represents a fair and reasonable compromise between the Parties, and which the Plaintiff has accepted.

  9. The Parties then reached a compromise and negotiated a separate agreement on the amount of Plaintiff's attorney's fees and costs, pursuant to which Defendant has agreed to pay Plaintiff's counsel the sum of Seven Thousand and 00/100 Dollars ($7,00.00), to cover attorney's fees and costs that were incurred by Plaintiff's counsel based upon hourly fees and pursuant to the mandatory fee requirements of the FLSA. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff, and in no way affected the amount of wages separately and first agreed to be paid by Defendant to the Plaintiff for the claimed unpaid overtime wages.

  10. The Settlement Agreement will result in Plaintiff receiving a payment within ten (10) calendar days of court approval of the settlement agreement or by a court order dismissing this action, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation. The Settlement Agreement

further allows the Parties to put this case and all issues related to Plaintiff's employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

## **MEMORANDUM OF LAW**

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id*.

### **A. Plaintiff' Recovery is Fair and Reasonable**

In the instant matter, the Parties stipulate that the issue of Plaintiff's recovery was negotiated independently, at arm's length and resolved to the Plaintiff's satisfaction. The Plaintiff could have chosen to continue in litigation but elected to compromise the claims and resolve this bona fide dispute. The amount of Plaintiff's recovery represented a compromise based upon a bona fide dispute as to the issues of whether wages are owed to Plaintiff; the number of hours worked by Plaintiff; whether liquidated damages should be imposed; and whether Plaintiff was exempt from the FLSA.

In this case, Plaintiff was classified and treated as an exempt employee and

his work hours were not properly tracked by Defendant. Defendant disputed the claims and the number of hours allegedly worked. Nevertheless, without admitting any fault or liability, the Parties came to this compromise to avoid the time, expense, and uncertainty with litigation. Plaintiff also takes into consideration that he could have been awarded zero if litigation proceeded.

Defendant agreed to pay the Plaintiff a total sum of $7,000.00 to resolve the overtime wage claims. While employed with Defendant, Plaintiff held two different positions. Defendant maintains that Plaintiff's second or more recent position with Defendant was properly classified as FLSA exempt. The sum Defendant agreed to pay provides Plaintiff the full amount of his overtime wages claimed for the two-year statute of limitations period through the time Plaintiff was promoted to another position, an equal amount of liquidated damages, and thus is an amount which represents a fair and reasonable compromise between the Parties.

Lastly, the Settlement Agreement here does not contain either a general release or a confidentiality agreement which many courts have held are inappropriate in an FLSA settlement agreement. *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012)("Pervasive, overly broad releases have no place in settlements of most FLSA claims."); *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302 (N.D. Ga. 2017) (striking confidentiality provision as it was in contravention of "the purpose of the FLSA and the public's interest").

## B. The Attorney Fees Here Were Negotiated Independently of Plaintiff's Recovery

In regard to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id. Cited by Haywood v. Fla. Bev. Corp.*, No. 6:22-cv-584-PGB-RMN, 2023 U.S. Dist. LEXIS 61427 (M.D. Fla. Apr. 4, 2023) (recommending approval of FLSA settlement and attorney fees where parties represented "the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff"). "Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary". *DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013); cited by *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 5491 (M.D. Fla. Jan. 10, 2023) approved at: *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 17051 (M.D. Fla. Feb. 1, 2023).

After the Parties came to an agreement on the sum of wages to be paid, they agreed on a sum for the attorney's fees, including the costs, separately and without regard to the amount paid to the Plaintiff. The attorney's fees in this case were

6

agreed upon separately and without regard to the amount to be paid to Plaintiff, and in no way affected the amount of wages separately and first agreed to be paid by Defendant to the Plaintiff for the claimed unpaid overtime wages. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (MDFL 2009), cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees and thus represents a fair and reasonable sum on its face. The Settlement will result in Plaintiff receiving a payment within 10 calendar days of the Court approving this settlement, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation, and further allows the Parties to put this case and all issues related to Plaintiff's employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement, dismissing this action with prejudice and granting such further relief as this Court deems just and proper.

Respectfully submitted August 22, 2023.

| | |
|---|---|
| By: */s/ Mitchell L. Feldman, Esq.*<br>Mitchell L. Feldman, Esq. | By: */s/ J. Scott Hudson, Esq.*<br>J. Scott Hudson, Esquire |

| | |
|---|---|
| FBN: 080349 | Florida Bar No.: 725137 |
| mfeldman@flandgatrialattorneys.com | Nicholas J. Mari, Esquire |
| **Feldman Legal Group** | Florida Bar No.: 123877 |
| 6916 W. Linebaugh Ave. | ZIMMERMAN, KISER & |
| Suite 101 | SUTCLIFFE, P.A. |
| Tampa, FL 33625 | 315 E. Robinson St., Suite 600 (32801) |
| Telephone: (813) 639-9366 | P.O. Box 3000 Orlando, FL 32802 |
| Facsimile: (813) 639-9376 | Telephone: (407) 425-7010 |
| *Attorney for Plaintiff* | Facsimile: (407) 425-2747 |
| | shudson@zkslawfirm.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system on this date. Parties may also obtain a copy directly from the CM/ECF system.

*/s/ Mitchell L. Feldman, Esquire*
Mitchell L. Feldman
FBN: 080349